WEINBERG, ROGER & ROSENFELD

ASHLEY K. IKEDA   2955-0
JERRY P.S. CHANG 6671-0
Central Pacific Plaza
220 South King Street, Suite 901
Honolulu, Hawaii  96813
Telephone No.:  (808) 528-8880
Facsimile No.:   (808) 528-8881
e-mail:  aikeda@unioncounsel.net
         jchang@unioncounsel.net

Attorney for Plaintiffs TRUSTEES OF THE
HAWAII LABORERS' TRUST FUNDS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII LABORERS' TRUST FUNDS (**Pension Fund** by its Trustees, Cedric Ota, Leonard Leong, Alan Shintani, Fred Lau, Karl Kamada, Greg Uyematsu, Mark Matsumoto, Peter Ganaban, Joby North II, Alfonso Oliver, Pete Lindsey, and Narsi Ganaban; **Health & Welfare Fund** by its Trustees, Ron Prescott, Russell Nonaka, Anacleto Alcantra, Mark Tagami, Mark Tamashiro, Alfonso Oliver, Peter Ganaban, Joby North II, Toni Figueroa, and Mark Matsumoto; **Annuity Fund** by its Trustees, Ryan Wada, Clay Asato, Anacleto Alcantra, Craig Nakanishi, Claude Matsumoto, | CIVIL NO. _____<br><br>**COMPLAINT FOR SPECIFIC PERFORMANCE, ASSUMPSIT AND DAMAGES; EXHIBITS "1" – "2"; SUMMONS** |

| | |
|---|---|
| Mark Matsumoto, Peter Ganaban, Alfonso Oliver, Joby North II, and Mark Travalino; **Laborers' and Employers' Cooperation and Education Trust Fund (LECET)** by its Trustees, Leonard Dempsey, Kenneth Kobatake, Mark Tamashiro, Deron Matsuoka, Peter Ganaban, Alfonso Oliver, Joseph Yaw, and Orlando Paeste; **Apprenticeship and Training Fund** by its Trustees, Stephen Yoshida, Anthony Tomas, Van Goto, Scott I. Higa, Leonard Leong, Peter Ganaban, Toni Figueroa, Alfonso Oliver, Alvis McCann, and Richard Nishie, **Vacation & Holiday Fund by its Trustees**, Kyle Nakamura, Burt Watanabe, Anacleto Alcantra, Claude Matsumoto, Alfonso Oliver, Peter Ganaban, Joby North II, and Mark Travalino), | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ONO CONSTRUCTION, LLC, a Hawaii Limited Liability Company, and HARRY JAMES CORNISH, individually, | ) ) ) ) ) |
| Defendants. | ) ) |

2

## COMPLAINT FOR SPECIFIC
## PERFORMANCE, ASSUMPSIT AND DAMAGES

Come now Plaintiffs above-named by their attorneys, Weinberg, Roger & Rosenfeld, and for Complaint against Defendants above-named allege and aver as follows:

## FIRST CAUSE OF ACTION
## (SPECIFIC PERFORMANCE)

1.  Plaintiffs are the Trustees of the Hawaii Laborers' Trust Funds which consist of the Hawaii Laborers' Health & Welfare Trust Fund, Hawaii Laborers' Pension Trust Fund, Hawaii Laborers' Apprenticeship and Training Trust Fund, Hawaii Laborers' Vacation & Holiday Trust Fund, Hawaii Laborers' Annuity Trust Fund, and Hawaii Laborers and Employers' Cooperative and Education Trust Fund (hereafter "Trust Funds").

2.  This action arises under the Labor-Management Relations Act, 1947, as amended, the Employee Retirement Income Security Act of 1974, and the Multiemployer Pension Plan Amendments Act of 1980, as hereinafter more fully appears.

Jurisdiction is founded on questions arising thereunder and more specifically under 29 U.S.C. §§ 185(a), 1145, and 1132(a) and (f).

3. At all times material herein, each of the above-named Trust Funds (collectively "Plaintiffs") was, and now is, an employee benefit plan organized and existing under the laws of the United States and whose principal offices are in the City and County of Honolulu, State of Hawaii. At all times herein mentioned, each of the above-named Trust Funds was, and now is, an express trust created by a written trust agreement subject to and pursuant to Section 302 of the Labor-Management Relations Act (29 U.S.C. § 186) and a multiple employer benefit plan within the meaning of Sections 3 and 4 of the Employee Retirement Income Security Act (29 U.S.C. §§ 1002 and 1003).

4. Plaintiffs are informed and believe, and thereon allege, that at times relevant herein Defendant ONO CONSTRUCTION, LLC, (hereinafter "Defendant" or "Defendant ONO"), was, and is now, a Hawaii Limited Liability Company, doing business in the State of Hawaii.

5. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein Defendant HARRY JAMES

CORNISH (hereinafter "Defendant CORNISH"), was, and is a resident of the State of Hawaii and was Manager of Defendant ONO CONSTRUCTION, LLC and in charge of the financial operations of Defendant.

      6.    On or about October 2, 2014, Defendant ONO, by and through its authorized representative, Defendant HARRY JAMES CORNISH made, executed and delivered to the Laborers' International Union of North America, Local 368, AFL-CIO (hereinafter "Laborers' Union"), that certain written collective bargaining agreement, effective September 1, 2014, entitled "Exhibit "G" - Certification of Receipt And Acceptance – Labor Agreement Covering Construction Masonry Laborers in the State of Hawaii And Agreements And Declaration of Trust Appurtenant Hereto" (hereinafter "Agreement") covering Defendant's laborers in the State Of Hawaii.  A true copy of said Agreement is attached hereto as Exhibit "1" and is incorporated herein by reference.  Said Agreement by its terms incorporated the Master Agreement Covering Construction Masonry Laborers in the State of Hawaii and the various Trust Agreements establishing each of Plaintiffs' trusts.  By said agreement(s), Defendant promised to contribute and pay to

the Trust Funds and Plan (hereinafter collectively referred to as "Trust Funds" or "Plaintiffs") certain amounts for employee benefits, for work performed by Defendant's covered employees, which amounts would be paid to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after September 1, 2014.

7. By said agreement(s), Defendant promised to submit timely reports to the Trust Funds regarding hours worked by Defendant's covered employees, which reports would be submitted to the Trust Funds on or before the due dates as specified in said agreement(s), commencing on and after September 1, 2014, to permit audits of its payroll records to allow Plaintiffs to ascertain whether all contributions due have been paid, and to post a surety bond or cash-in-escrow to secure payment or contributions if required by the Trust Funds.

8. By said agreement(s), Defendant agreed to be subject to and bound by all terms and conditions of the various trust agreements, and further promised that in the event any monthly contributions were not paid when due, Defendant would pay to each trust fund liquidated damages in the amount of twenty

percent (20%) of the contributions due to each respective fund or twenty dollars ($20.00), whichever is greater, for each and every delinquent monthly contribution as provided by said agreement(s), for each delinquency as and for liquidated damages and not as a penalty.

9. By virtue of said agreement(s) and 29 U.S.C. §1132(g), Plaintiffs are entitled to an award of liquidated damages equivalent to interest at the rate prescribed in said agreement(s), of 12% per annum, or under 26 U.S.C. §6621, whichever is greater, on any unpaid contributions, such amount to be in lieu of the above-mentioned liquidated damages, if such amount is greater than the above-mentioned liquidated damages.

10. By virtue of 29 U.S.C. § 1132(g), Plaintiffs are entitled to an award of interest at the rate prescribed under said agreement(s), of 12% per annum, or under 26 U.S.C. § 6621, whichever is greater, on any unpaid contributions, beginning on the first of the month following the monthly contributions due date.

11. By said agreement(s), the Plaintiffs are authorized and empowered to have authorized representatives of the Plaintiffs' Administrative Office examine and audit the payroll books and

records of Defendant to permit Plaintiffs to determine whether the Defendant is making full payment as required under said agreement(s).

12.   Plaintiffs have notified Defendant and have demanded that said Defendant submit timely payments and reports, but said Defendant has failed, neglected and refused to do so.

13.   Defendant now continues to fail, neglect and refuse to submit timely payments and reports, and unless ordered to specifically perform the agreement(s) to submit timely payments and reports, Defendant will continue to fail, neglect and refuse to submit timely payments and reports.  Plaintiffs have no plain, speedy and adequate remedy at law in that the reports must be prepared by Defendant and said Defendant's continued refusal to submit timely payments and reports will give rise to a multiplicity of suits unless said Defendant is ordered to submit timely payments, reports and allow an audit of is payroll records pursuant to said agreement(s).

## SECOND CAUSE OF ACTION
## (JANUARY 10, 2019 SETTLEMENT
## AGREEMENT AND PROMISSORY NOTE

14. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1. through 13. of the First Cause Of Action hereinabove set forth.

15. On or about January 10, 2019, Defendants ONO and CORNISH executed a Settlement Agreement and Defendant Ono, a Promissory Note, both dated January 10, 2019 and effective on even date, acknowledging the obligation to pay to Plaintiffs the monetary amount of $134,725.86, including twelve percent (12%) per annum interest thereon, which sum represented the liquidated amount owed by said Defendant ONO to Plaintiffs for the reports periods of September 2018 through November 2018.

16. Obligations required by the January 10, 2019 Settlement Agreement have not been complied with and Defendant ONO is in default thereunder and pursuant to January 10, 2019 Settlement Agreement and Promissory Note with Plaintiffs.

17. Plaintiffs notified Defendant ONO and Defendant CORNISH that said Defendants had defaulted on the January 10,

Case 1:19-cv-00109-JAO-KJM   Document 1   Filed 03/05/19   Page 10 of 18     PageID #: 10

2019 Settlement Agreement and Promissory Note and, therefore, Plaintiffs would be asserting their rights under the January 10, 2019 Settlement Agreement to pursue collection action pursuant to the terms of the collective bargaining agreement (in lieu of their rights due under the January 10, 2019 Promissory Note) against Defendant ONO.

18.  Pursuant to the January 10, 2019 Settlement Agreement, Defendant ONO remains responsible for payment of all amounts in accordance with the collective bargaining agreement and for all costs of collection, including reasonable attorney's fees, incurred by Plaintiffs in the collection of the amounts due.

19.  By virtue of the foregoing, Plaintiffs have been damaged by Defendant ONO, as set forth in the Third Cause of Action below:

20.  This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

## THIRD CAUSE OF ACTION
## (ASSUMPSIT AND DAMAGES)

21. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 20 of the First and Second Cause of Action hereinabove set forth.

22. By said written agreement(s), Defendant agreed that payment of employee benefit contributions to the various Trust Funds would be based upon the total number of hours worked by each covered employee. Defendant employed workers covered by the provisions of said written agreement(s), and said workers performed work and labor undertaken by Defendant during the time said agreement(s) were in full force and effect.

23. Defendant's current known delinquencies to the Plaintiffs are as follows:

1. Known principal (9/16 – 1/19 audit and 9/18 – 1/19 report):  $ 87,903.08

2. Liquidated Damages (9/16 – 1/19 audit and 9/18 - 1/19 report):  $ 32,723.58

3. Interest [through 3/3/19] ($28.90 per diem):  $  3,381.99

Total:  $124,008.65

plus interest from March 3, 2019 at $28.90 per diem, attorneys' fees and costs, for said report periods, plus additional interest accruing thereafter.

24.   Defendant may owe Plaintiffs additional monetary payments for Defendant's covered employees, the amount of which is unknown at this time.  If such moneys are owed, said amounts, together with liquidated damages as provided in said agreement(s), are presently due and owing and have not been paid.

25.   Defendant's obligations to Plaintiffs, pursuant to said agreement(s), to make contributions are continuing obligations and Defendant may accrue and owe additional amounts plus liquidated damages up to the time of trial or proof.

26.   At all times herein mentioned, it was, and now is, impracticable and extremely difficult to fix the amount of actual damages to Plaintiffs as a result of the non-payment of said contributions.  The amounts agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused the Plaintiffs by the non-payment of said contributions.

27. By said agreement(s), Defendant further promised that if it became necessary for Plaintiffs to take legal action to enforce payment of contributions and/or liquidated damages from Defendant, Defendant would pay all court and collection costs and reasonable attorneys' fees.

28. By virtue of the foregoing, Plaintiffs have been damaged in the amount $124,008.65 through March 3, 2019, plus interest thereafter at $28.90 per diem, and such additional amounts as may be proven at trial of hearing on proof.

29. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

**FOURTH CAUSE OF ACTION**
**(JANUARY 10, 2019 GUARANTY)**

30. Plaintiffs reallege and incorporate by reference each and every allegation set forth in paragraphs 1 through 29 of the First, Second and Third Causes of Action hereinabove set forth.

31. On or about January 10, 2019, Defendant CORNISH executed a January 10, 2019 Trust Fund Continuing Guaranty ("Guaranty"), whereby Defendant CORNISH personally guaranteed payment of Defendant ONO's Promissory Note and any and all collective bargaining agreement delinquencies of Defendant ONO. A true and accurate copy of said January 10, 2019 Guaranty is attached hereto as Exhibit "2".

32. Plaintiffs notified Defendant CORNISH that because Defendant ONO had defaulted on said January 10, 2019 Settlement Agreement and January 10, 2019 Promissory Note, Plaintiffs were asserting under the Guaranty their right to immediate payment on all amounts due under the collective bargaining agreements from Defendant CORNISH.

33. Defendant ONO and Defendant CORNISH have refused and failed to comply, and continue to refuse and fail to comply, with Plaintiffs' demand for payment pursuant to the express terms of the January 10, 2019 Settlement Agreement and Guaranty.

34. Accordingly, as a result of said breach of the Guaranty, Defendant ONO and Defendant CORNISH, individually,

are jointly and severally liable to Plaintiffs for the amounts described as owed to Plaintiffs by Defendant ONO under the September 1, 2014 collective bargaining agreement as set forth in Count 3 of the Complaint.

35. By virtue of the foregoing (<u>see</u> Count II), Plaintiffs have been damaged in the amount of $124,008.65, through March 3, 2019 plus interest at $28.90 per diem from March 3, 2019, and such additional amounts as may be proven at trial of hearing on proof.

36. It has been necessary for the Plaintiffs to engage counsel for the purpose of collecting said contributions and liquidated damages and interest, and Plaintiffs are entitled to reasonable attorney's fees in connection therewith.

37. This Court has supplemental jurisdiction over this cause of action pursuant to 28 U.S.C. § 1367.

WHEREFORE, Plaintiffs pray for relief and judgment against Defendant ONO CONSTRUCTION, LLC, a Hawaii Limited Liability Company, and Defendant HARRY JAMES CORNISH, individually (collectively "Defendants"), jointly and severally, as to the First,

Second, Third and Fourth Causes of Action hereinabove set forth, as follows:

  1. That the Court orders Defendant to submit timely reports and payments in accordance with said agreement(s).

  2. That the Court orders Defendant to permit Plaintiffs to audit its payroll books and records for the period of February 2019 through the present in accordance with said agreement(s).

  3. That the Court awards to Plaintiffs and against Defendants such amounts as may be determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been provided, plus such other amounts as may be due and owing at the time of trial or proof.

  4. That the Court awards to Plaintiffs and against Defendants interest at the rate prescribed under the agreement(s) of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater, on such amounts determined to be due and owing after the necessary reports have been provided, and/or after the necessary payroll audit has been permitted, said interest to be calculated as of the date(s) such amounts were due pursuant to said agreement(s).  29 U.S.C. § 1132(g).

5. That the Court orders and compels Defendant to furnish to each of the six (6) Plaintiffs trust funds a surety bond or cash-in-escrow in the amount equal to Defendant's last three (3) months of contributions of $5,000.00, whichever is greater.

6. That the Court award Plaintiffs and against Defendants the sum of $87,903.08 in September 2016 – January 2019 audit and September 2018 – January 2019 report contributions, plus interest on said contributions at the rate prescribed under the agreement(s) of twelve percent (12%) through March 3, 2019 of $3,381.99 and at $28.90 per diem interest from March 3, 2019 until entry of judgment herein.

7. That the Court awards the Plaintiffs and against the Defendants contributions plus interest on said contributions at the rate prescribed under the agreement(s) of twelve percent (12%) on any report or audit contributions discovered by Plaintiffs.

8. That the Court awards the Plaintiffs and against the Defendants liquidated damages of $32,723.58 on the September 2016 – January 2019 audit September 2018 – January 2019 report contributions, as provided in said agreement(s), or an amount equal to interest (computed at the rate prescribed under the agreement(s)

of twelve percent (12%) or 26 U.S.C. § 6621, whichever is greater), on any unpaid contributions due and owing pursuant to said agreement(s), whichever amount is greater.  29 U.S.C § 1132(g).

9.   That the Court awards the Plaintiffs and against the Defendants such additional amounts, including, but not limited to, contributions, liquidated damages, interest (12%) on any additional report or audit contributions from their due dates, as may, by proof, be shown to be due and owing at the time of trial or proof.

10.  That the Court awards the Plaintiffs and against the Defendants all collection costs, costs of court and reasonable attorneys' fees pursuant to said agreement(s) or other laws. 29 U.S.C. § 1132(g).

11.  That the Court orders and awards any further and additional relief as the Court deems proper.

DATED:  Honolulu, Hawaii, <u>March 5,          </u>, 2019.

**WEINBERG, ROGER & ROSENFELD**

*/S/ ASHLEY K. IKEDA*

ASHLEY K. IKEDA
JERRY P.S. CHANG
Attorneys for Plaintiffs
TRUSTEES OF THE HAWAII
LABORERS' TRUST FUNDS